Filed 6/22/26  P. v. Campos CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086258 |
| Plaintiff and Respondent, | (Super. Ct. No. CR125741) |
| v. | |
| JESUS CAMPOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Affirmed.

Jesus Campos, in pro. per.; and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.


In 1991, a jury convicted Jesus Campos of first degree murder.  He was sentenced to prison for 27 years to life.  Campos appealed and this court affirmed his conviction in an unpublished opinion filed October 27, 1993, *People v. Campos-Covarrubias*, D017737.

In 2023, Campos filed a petition for resentencing under Penal Code[1] section 1172.6. The trial court denied the petition without an evidentiary hearing. Campos appealed and this court reversed the trial court's denial of the resentencing petition. (*People v. Campos* (Nov. 26, 2024, D083277) [nonpub. opn.].) On remand the trial court set the matter for an evidentiary hearing. The court found there were no jury instructions on aiding and abetting, felony murder or natural and probable consequences and the record showed individual intent to kill and that Campos was the actual killer. The court again denied the resentencing petition.

Campos filed a timely notice of appeal.

Appellate counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel recognizes the procedural requirements of *People v. Wende* (1979) 25 Cal.3d 436 are not required in cases governed by *Delgadillo*. Counsel notes however, that *Delgadillo* grants the appellate courts discretion to independently review the record for error. Counsel asks the court to exercise the discretion granted to it and independently review the record for error.

The court has advised Campos of his right to file his own brief on appeal. Campos has filed a supplemental brief. He principally challenges the jury instructions which were utilized in his 1991 jury trial. He recognizes this appeal is not from his original trial and conviction. However, he thinks we should consider whether the trial court's original instructions were proper or whether other instructions should have been given. Campos's

---

[1]     All statutory references are to the Penal Code.

supplemental brief in this appeal does not identify any arguable issues for reversal on appeal.

## DISCUSSION

As we have noted, counsel has filed a brief under the authority of *Delgadillo* and asks the court to exercise its discretion to independently review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal.

Whether the jury instructions alone precluded Campos from setting out a prima facie case for relief under section 1172.6, subdivision (c).

We have exercised our discretion and independently reviewed the record for error. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Campos in this appeal.

DISPOSITION

The order denying Campos's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.*

WE CONCUR:

DO, Acting P. J.

CASTILLO, J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.